Filed 9/29/25  P. v. Scotto CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B336756 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23ARCF00023) |
| v. | |
| KRISTI SCOTTO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathryn A. Solorzano, Judge.  Affirmed.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan M. Krauss and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

At a restitution hearing following a no contest plea, the trial court ordered defendant Kristi Scotto to pay restitution, which included the security deposit and two months' rent (lease award) the victim lost when she vacated her apartment after the defendant's burglary. Defendant appeals the restitution order, contending the lease award[1] is neither authorized by statute nor ripe for decision. We affirm.

# II. BACKGROUND

On November 4, 2023, Mariami Abalaki moved into an apartment in Los Angeles. She signed a one-year lease at $1,695 per month, and paid a deposit of $5,085 consisting of a one-month security deposit and first and last month's rent. On November 15, 2023, she came home to find defendant and codefendant Ruben Montijo inside her apartment. Montijo and defendant yelled at Abalaki. Montijo brandished a knife and defendant warned Abalaki that "if she [did not] leave the apartment, it would not end up well." Defendant and Montijo were arrested, but the burglary left Abalaki shaken.

After the burglary, Abalaki began to have problems sleeping and would wake in a panic to check that the apartment doors were locked. Defendant was the prior tenant of Abalaki's apartment and had lived there for over ten years before she was

---

[1] Defendant stipulated to a property loss of $650 related to the theft of Abalaki's ring and damage to her bed and does not contest that portion of the restitution award.

evicted. Defendant used drugs, which made Abalaki believe she was unpredictable and untrustworthy.

On December 6, 2023, Abalaki became aware that defendant had been released from jail. The neighbors told Abalaki that they had heard defendant would return to the apartment. Abalaki was afraid because defendant had a set of keys to Abalaki's apartment and the landlord would not change the locks. In spite of her one-year lease, Abalaki moved out of the apartment and into her car for 11 days and thereafter into a friend's house.

The landlord refused to return Abalaki's $5,085 deposit and continued to charge her monthly rent. Abalaki hired an attorney[2] who was in the process of "putting together a case against" the landlord.

On February 9, 2024, the trial court held a restitution hearing pursuant to Penal Code section 1202.4.[3] Defendant stipulated to a property loss of $650, but disputed any additional amount related to Abalaki's lease. Abalaki testified about her fear that defendant would return to the apartment, how that fear drove her to breach her lease agreement, and the economic losses she had suffered as a result.

Following Abalaki's testimony, defense counsel argued that Abalaki's fear in abandoning the apartment was unreasonable and should not be attributed to defendant's conduct, but the trial court disagreed. In addition to the stipulated amount of property

---

[2] The prosecutor stated at an earlier hearing that Abalaki had hired a lawyer to defend her against action that the management company had threatened against her.

[3] All statutory references are to the Penal Code.

3

loss, the court ordered defendant and Montijo to pay $5,085 for Abalaki's "original investment" in the lease, which was the first and last month's rent and the security deposit.  The court reasoned:  "This is an unusual case.  This is not your typical residential burglary in that one of the defendants, [defendant], had a connection and she believes a claim of right to return to that apartment. . . .  [¶]  . . .  [¶]  . . . [Abalaki] was able to track the release date of [defendant], and [defendant] was really her focus in terms of her fear of [defendant] coming back and again claiming her right to occupy that particular apartment.  [¶]  . . . [¶]  . . . I believe that what's equitable is for this court to order the losses that she's had, the investment, the original investment, the security deposit, the first and last month's rent which equals the $5,085 amount, but nothing beyond that."

The trial court later added:  "The reason she broke her lease . . . is completely legitimate.  She was scared and she needed to get out of there because, again, [defendant] had a connection, she had a claim of right, and [defendant], as she indicated, is—and no one is going to dispute this—is addicted to a drug and [Abalaki] finds that an individual who is addicted is unpredictable. . . .  That's not unreasonable."

Defendant filed a timely notice of appeal.

## III.   DISCUSSION

A.    *Standard of Review*

We review a victim restitution award for abuse of discretion.  (*People v. Fortune* (2005) 129 Cal.App.4th 790, 794.)  The award need not reflect the exact amount of loss.  (*People v.*

*Mearns* (2002) 97 Cal.App.4th 493, 498.) "'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' [Citations.]" (*Id*. at p. 499.)

B.     *Restitution Principles*

The California Constitution gives trial courts broad power to impose restitution on offenders, and all persons who suffer losses due to crime have the right to restitution. (Cal. Const., art. I, § 28, subd. (b)(13)(A).) "A victim's restitution right is to be broadly and liberally construed." (*People v. Williams* (2010) 184 Cal.App.4th 142, 147.) Section 1202.4 authorizes courts to award restitution for any economic loss incurred as a result of the commission of a crime in a dollar amount that is sufficient to fully reimburse them. (*People v. Giordano* (2007) 42 Cal.4th 644, 656.) The statute authorizes restitution for relocation expenses, so long as the expenses are "verified by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim." (§ 1202.4, subd. (f)(3)(I).)

The standard of proof at a restitution hearing is preponderance. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319.) Once the claimant has made a prima facie showing of her loss, the burden shifts to the defendant to disprove the amount. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

C.  *Analysis*

    1.  Relocation Expenses

Defendant contends that the lease award should not have been included in the restitution order because it is a relocation expense, the necessity of which was not verified by law enforcement or a mental health treatment provider. (§ 1202.4, subd. (f)(3)(I).) Even assuming for purposes of this appeal that the lease award was a relocation expense within the meaning of section 1202.4, subdivision (f)(3)(I), such that it could not be awarded without a verification, defendant "failed to preserve the objection relating to the lack of a verified statement to support the moving expenses in the trial court." (*People v. Tafoya* (2025) 109 Cal.App.5th 868, 906.) She has thereby forfeited her argument on appeal. (*Ibid.*)

    2.  "Ripeness"

Defendant next contends that the restitution amount should be reduced as "the amount is . . . [not] ripe for decision." (Capitalization omitted.) Defendant, however, does not present a cogent argument as to why the restitution order was not ripe for adjudication. (*Vandermost v. Bowen* (2012) 53 Cal.4th 421, 452 ["[T]he ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy"].) Instead, she argues that the trial court should not have included the lease award in the restitution

order because "Abalaki hired an attorney to represent her against the apartment management company, she may receive her last month's rent and security deposit back. Until this issue is resolved, the trial court should not have ordered [defendant] to pay Abalaki for the money she paid to the management company as this would result in a windfall to Abalaki." To the extent defendant contends Abalaki could not recover the lease award because she may, at a future date, recover those funds in litigation, that argument is meritless. (*People v. Vasquez* (2010) 190 Cal.App.4th 1126, 1133–1134 ["Payments received by a crime victim . . . from an independent third party for economic losses suffered as a result of the defendant's criminal conduct cannot reduce the amount of restitution the defendant owes"].)

3.　No Abuse of Discretion

Substantial evidence supports the trial court's finding that defendant's criminal conduct caused Abalaki to move out of her apartment and forfeit her deposit after living there less than one month. Defendant had lived in Abalaki's apartment for 10 years, believed she had been wrongfully evicted from it, and still had keys to the apartment. Abalaki was told that defendant abused drugs. And defendant warned Abalaki, while Montijo held a knife, that "if she [did not] leave the apartment, it would not end up well." On this record, we find no abuse of discretion in the court's restitution order. (*People v. Mearns, supra*, 97 Cal.App.4th at pp. 498–499.)

7

## IV.   DISPOSITION

The order of restitution is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

KUMAR, J.[*]

---

[*]     Judge of the Los Angeles County Superior Court (retired), assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8